NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SANTO MUJAHID ISLAAM, | : | |
| Plaintiff, | : | Civil No. 12-7022 (JBS) |
| v. | : | |
| RODNEY A. GRECO, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

Santo Mujahid Islaam, *Pro Se*
262092
Camden County Correctional Center
P.O. Box 90431
Camden, NJ 08101

**SIMANDLE, Chief Judge**

　　Plaintiff, Santo Mujahid Islaam, confined at the Camden County Correctional Facility, Camden, New Jersey, seeks to file this civil rights complaint asserting jurisdiction under 42 U.S.C. § 1983.  As Plaintiff provided an *in forma pauperis* ("IFP") application, the Court will grant Plaintiff's request pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

　　The Court must now review the complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be permitted to proceed against certain parties.

## BACKGROUND

To begin, the caption of Plaintiff's complaint, as well as the body of his complaint, reveal that Plaintiff seeks to sue Rodney A. Greco, a Camden County Freeholder, and Eric M. Taylor, the Warden of the Camden County Correctional Facility ("CCCF") (Docket Item 1-1, Complt., ¶ 4). However, Plaintiff's IFP application lists additional defendants-- while it names Defendants Greco and Taylor, it also names "Dr. Niel," "Dr. Dunoff," "Dr. Utreras," and "Jen Houston." The Clerk of the Court placed these individuals' names on the docket; however, the body of Plaintiff's complaint and the allegations do not mention these defendants.  It appears the names were inadvertently added to the IFP application, and the Court will order these defendants terminated from the docket.

As to the facts of Plaintiff's complaint, Plaintiff states that defendants Greco and Taylor have instituted "policies/rules that govern and prohibit the Muslims from 'peacefully assemblying on Fridays' for 'Jumu'ah prayer' in [CCCF] and specifically on the 3rd

and 4th Floors." (*Id.*, ¶ 6).  He claims the Muslims were also denied their "annual prayer and Feast Eid-ul-Adha on 10-17-12" and that the Administration is "bias/prejudice towards the Muslims (Anti Muslim Syndrome) in general." He asserts that Christians are permitted to assemble for Sunday services.  (*Id.*).

Plaintiff alleges that this denial of rights violates the First Amendment and the New Jersey Administrative Code, and asks that the denial be remedied, Muslims be permitted to practice, and for monetary damages. (*Id.*, ¶ 7).

Attached to the end of his complaint, Plaintiff lists approximately forty-nine (49) "Additional Plaintiffs," none of whom have signed the complaint and none of whom have submitted individual IFP applications.

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679.  *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

5

was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3. **Plaintiff's Claims**

Plaintiff alleges that he has been denied the right to attend his Muslim prayer service every Friday as required by his faith. Liberally construing the complaint, Plaintiff alleges that defendants have no legitimate basis for this ban.

To establish a violation of his right to freely exercise his religion, an inmate must satisfy the "reasonableness test" set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987), and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). The standards delineated in *Turner* and *O'Lone* indicate that when a prison regulation encroaches upon prisoners' rights to free exercise of their religion, the regulation is valid if it is reasonably related to a legitimate penological interest. *See Turner*, 482 U.S. at 89; *O'Lone*, 482 U.S. at 349. Thus, Plaintiff must allege that the restrictions on his religious practices are not reasonably related to the prison's legitimate penological interest. *See Robinson v. Ridge*, 996 F. Supp. 447, 450 (E.D. Pa. 1997), *aff'd*, 175 F.3d 1011 (3d Cir. 1999).

The reasonableness standard involves the examination of the following four factors: (1) whether the regulation or practice in

6

question furthers a legitimate governmental interest unrelated to the suppression of expression; (2) whether there are alternative means of exercising First Amendment rights that remain open to prison inmates; (3) whether the right can be exercised only at the cost of less liberty and safety for guards and other prisoners; and (4) whether an alternative exists which would fully accommodate the prisoners' rights at *de minimis* cost to valid penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 415-18 (1989); *Turner*, 482 U.S. at 89-91.

In this case, Plaintiff's basic allegations may be sufficient to state a First Amendment free exercise claim. Accordingly, the Court will allow Plaintiff to pursue his claim at this preliminary stage.

However, Federal Rule of Civil Procedure 20 governs the permissive joinder of plaintiffs and states in relevant part:

> (1) Plaintiffs. Persons may join in one action as
>     plaintiffs if:
>     A) they assert any right to relief jointly,
>     severally, or in the alternative with respect to or
>     arising out of the same transaction, occurrence, or
>     series of transactions or occurrences; and
>     B) any question of law or fact common to all
>     plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Joinder under Rule 20 is discretionary and when the District Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule,

and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status.[1] *See Hagan*, 570 F.3d at 150; *see also Hood v. Cumberland Cnty. Dep't of Corrs.*, Civ. No. 12-6395, 2013 WL 1593349, at *1 n.2 (D.N.J. Apr. 12, 2013); *McGeachy v. Aviles*, Civ. No. 10-3562, 2011 WL 1885938, at *2 (D.N.J. May 18, 2011). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400.00 filing fee, then each plaintiff must submit a complete application to proceed IFP if he desires the complaint to be filed on his behalf. *See Hagan*, 570 F.3d at 154-55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350 filing fee from each prisoner-plaintiff

---

[1] Previously, at the time *Hagan* was decided, the filing fee for a prepaid complaint was $350.00. Recently, however, the fee was adjusted and the entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If IFP status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See Hagan*, 570 F.3d at 155-56.

Here, the plaintiffs listed on the attachment to the complaint may or may not have known of the filing fee requirement. Thus, Plaintiffs will be given an opportunity to either (1) move to join this action, complying with the rules applicable to joinder of claims and parties, including the filing fee and/or IFP application requirements, or (2) file new and separate actions asserting their individual claims.

## CONCLUSION

For the reasons stated above, Plaintiff's free exercise claim may proceed against defendants Greco and Taylor. The additional plaintiffs listed will not yet be considered plaintiffs in this action and may move to join the action or file their own complaints upon filing individual application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> or prepayment of their individual filing fees. The additional defendants listed on the caption will be terminated from this action.

An appropriate Order follows.

| **February 21, 2014** | **s/ Jerome B. Simandle** |
|---|---|
| Dated | JEROME B. SIMANDLE, Chief Judge |
| | United States District Court |